IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                               )
         v.              )     Criminal No. 05-26 Erie
                               )
ALESHA M. EBERLE           )

## GOVERNMENT'S RESPONSE TO
## DEFENDANT ALESHA EBERLE'S MOTION IN LIMINE

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold Assistant United States Attorney for said district, and states as follows:

Alesha Eberle has filed a Motion in Limine seeking to prevent the government from introducing evidence at trial of various Internet conversations or chats between Alesha Eberle and other individuals.

Federal Rule of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This rule creates a presumption of admissibility. United States v. Cross, 308 F.3d 308, 323 (3rd Cir. 2002); See United States v. Johnson, 199 F.3d 123, 128 (3d Cir. 1999). Evidence cannot be excluded under Rule

403 merely because its unfairly prejudicial effect is greater than its probative value. Id. Rather, "evidence can be kept out only if its unfairly prejudicial effect 'substantially outweighs' its probative value." Id. When evidence is highly probative, even a large risk of unfair prejudice may be tolerable. Id. It is well settled that:

> Rule 403 does not provide a shield for defendants who engage in outrageous acts, permitting only the crimes of Caspar Milquetoasts to be described fully to the jury. It does not generally require the government to sanitize its case, to deflate witnesses' testimony or to tell its story in a monotone.

Cross, 308 F.3d at 325, citing, United States v. Gartmon, 146 F.3d 1015, 1021 (D.C. Cir. 1998). Prejudice does not in itself, make evidence inadmissible. United States v. Donley, 878 F.2d 735, 738 (3d Cir. 1989). Evidence is unfairly prejudicial only if it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." United States v. Carter, 617 F.2d 961, 972 (3d Cir. 1980) The Fifth Circuit has explained the Rule 403 analysis this way:

> Relevant evidence is inherently prejudicial; but it is only Unfair prejudice, Substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. As to such, Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance. It is not designed to permit the court to

"even out" the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none.

United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979).

The government intends to introduce at trial several Internet conversations or chats between Alesha Eberle and other individuals. During a chat on January 20, 2005, between Ms. Eberle and a person using the screen name, soaked_n_pa, who is believed to be Ms. Eberle's brother, Ms. Eberle reveals that she is on the computer looking at pornography. Specifically, the conversation proceeds as follows:

soaked_n_pa:   so what r u doing up this late

tigger21_2004: looking at stuff

soaked_n_pa:   porn

tigger21_2004: yup

Ms. Eberle then reveals later in the conversation that she would like to have sexual relations with her brother's wife.

Also on January 20, 2005, Ms. Eberle chats with someone using the screen name crazybirdsmoke.  During this conversation Eberle reveals that she is bisexual.  She further indicates that she likes three ways.  Eberle then exchanges images of herself partially naked via a webcam with crazybirdsmoke.

In another chat occurring on January 31, 2005, between Alesha Eberle and a person utilizing the scree name goofy2shoes20, Ms. Eberle reveals that she is in a teen chat room talking with

3

people under the age of eighteen.

The evidence of Ms. Eberle's Internet chats should not be excluded because it is relevant and probative for a variety of reasons. First, Ms. Eberle's admission that she is viewing pornography is highly relevant. This is primarily a child pornography case. Her admission demonstrates, at the very least, an interest in pornography, which significantly furthers the government's claim that Ms. Eberle was involved in the receipt and possession of child pornography. The government must establish intent to receive and possess the subject pornography to meet its burden of proof. Ms. Eberle's admission to viewing pornography bears directly on her intent and motive in this case. If she was not interested in pornography generally then it follows that she would likely not be interested in child pornography. Ms. Eberle's statement gets the government over that necessary first hurdle.

Second, the chats demonstrate that Ms. Eberle used the computer at issue frequently and was using it around the time various child pornography images were accessed using the computer. Third, the chats demonstrate that Ms. Eberle had a pattern and practice of taking, sending and receiving sexually related images over the Internet via her computer. This again goes to the heart of the government's case.

Ms. Eberle claims that the evidence is not admissible under Rule 404(b). The government contends that Ms. Eberle's

4

statements, which are memorialized in the subject chats, are admissible without reliance upon Rule 404(b) as they are admissions or other statements by a defendant which are intrinsic to the charged offenses. See United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002)(Rule 404(b) does not extend to evidence of acts which are intrinsic to the charged offense); United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996); United States v. Kennedy, 32 F.3d 876, 885-86 (4th Cir. 1994)(mere fact that evidence involved activities occurring before the charged time frame of the conspiracy does not automatically transform that evidence into "other crimes" evidence).

In at least one chat Ms. Eberle admits that she looks at pornography on the Internet.  The fact that she does not explicitly say the magic words "child pornography" is of no moment because that claim goes to the weight of the evidence, not its admissibility.  Counsel remains free to argue to the jury that the statement is not an admission.

Ms. Eberle also claims the chats should be excluded because of the alleged pervasive prejudice against homosexuals. The government is not seeking to interject animus against homosexuals into this case.  Rather, the government seeks the admission of statements coming directly from Ms. Eberle which shed light on her intent and motive to commit the charged offenses.  Ms. Eberle cannot use the fact that she is bisexual to insulate herself

from her own statements.

Finally, Ms. Eberle relies on first amendment free speech cases as a basis for exclusion of the evidence.  Her reliance on these cases is mistaken.  The government does not seek to curtail Ms. Eberle's right to converse on the Internet.  Rather, the government seeks to use those highly probative conversations as evidence against her.  First Amendment concerns are not a basis for excluding relevant evidence, which was lawfully obtained.  See Jeffers v. Ricketts, 627 F.Supp. 1334, 1346 (D. Arizona 1986); rev'd on other grounds, 832 F.2d 476 (9th Cir. 1987).

In Jeffers, the court noted that "neither party has presented a single case where the first amendment, standing alone, required the exclusion of evidence validly obtained from a trial that did not concern criminal charges about the speech itself." Id. The court further opined that "as an analogy, to adopt Jeffers' claim here would require exclusion of the statement by a person that 'I am going to rob this bank' while he is standing outside the bank, from the trial on charges of bank robbery." Id.  Thus, Ms. Eberle's attempt to exclude relevant evidence based upon the first amendment is entirely misplaced.

6

Wherefore, for the foregoing reasons, the government respectfully requests that Ms. Eberle's Motion in Limine be denied.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


s/Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
Pa ID No. 75013