# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NUMBER** |
| **VS.** | : | **05 – 26 ERIE** |
| | : | |
| **ALESHA M. EBERLE,** | : | |
|     **DEFENDANT** | : | |

### DEFENDANT'S POSITION WITH REGARDS TO SENTENCING FACTORS

**COMES NOW**, this 23rd day of October, 2006, the Defendant, by and through below signed counsel, and states the following Position with Regards to Sentencing Factors:

**I.    Calculation of Advisory Guideline Range.**

The Defendant agrees that within the advisory guideline range the Offense Level is 17 and the Criminal History Category is 3. This advisory range is 30 to 37 months.

The Defendant does not agree that 1 point should be added for item 26 on page 7 of the report. This issue is, however, irrelevant to the calculation of Criminal History Category because this extra point only takes the Defendant from a 5 to a 6. At either a 5 or 6 the Defendant is still in Criminal History Category 3.

The Defendant objects to the portion of the Presentence Investigation Report titled "Part E. Factors that may warrant departure." The language which states "The probation officer has no information concerning the offense or the offender which would warrant a departure from the advisory sentencing guidelines" is challenged as attempting to state that a guideline sentence must be given unless a departure is proven. This Honorable Court shall consider the advisory guidelines, but then impose a reasonable sentence based on the factors of 18 U.S.C.A. § 3553 (a). The Defendant objects to any burden that suggests that a reasonable sentence outside the

guidelines must be earned. This Court should impose what it believes to be reasonable whether or not that is within the guidelines.

**II.     Defendant's suggested reasonable sentence.**

Based upon the entire facts of this case a reasonable sentence is one of 18 months effective May 6, 2005 running totally concurrent with the state sentence imposed on June 30, 2006 for corruption of minors.

**III.    Grounds for Defendant's suggested reasonable sentence.**

The initiation of this case was a yahoo account belonging to George Eberle. George has now admitted to the contents of that yahoo account. Alesha had no connection to George's yahoo account. This case started with numerous more serious charges (rape, creation of child pornography, receipt of child pornography, etc.) all of which have been either dropped at the federal level or bargained away at the state level. Also of importance is the fact that Detective Lynn has previously searched a computer of Alesha's to find no images of child pornography. At the suppression hearing Detective Lynn discussed numerous factors that she always saw present in child porn cases, none of which were present in this case. Alesha Eberle is not a threat and a sentence of 18 months will satisfy the factors of 18 U.S.C.A. § 3553 (a).

Respectfully Submitted,

/s/ Michael R. Hadley, Esq.
Michael R. Hadley, Esq.
(Pa. S. CT. ID # 80054)
One Drake Drive
Oil City, PA 16301
(814) 676-3330