NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4845

UNITED STATES OF AMERICA

v.

ALESHA M. EBERLE,
                                Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 05-cr-00026)
District Judge:  The Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: BARRY, CHAGARES and ROTH, Circuit Judges

(Filed: February 25, 2008 )

OPINION

BARRY, Circuit Judge

Appellant Alesha M. Eberle pled guilty to possession of material depicting sexual exploitation of minors in violation of 18 U.S.C. 2252(a)(4)(b), but reserved her right to appeal the denial of her motion to suppress.  We will affirm.

I.

In August 2004, Yahoo!, an internet content provider, contacted the National Center for Missing and Exploited Children ("NCMEC") to report that, on September 2, 2001, suspected child pornography had been posted to the Yahoo! site, http://photos.yahoo.com/glepa2001. The photographs appeared to have been taken using a web cam. The NCMEC notified the Pennsylvania Internet Crimes Against Children ("ICAC") Task Force of Yahoo!'s report and forwarded the photographs. Pursuant to a court order, Yahoo! provided information the subscriber had used when setting up the email account glepa2001@yahoo.com. The information revealed the subscriber's login name, full name, address, and date of birth, which indicated that the account belonged to user Mr George E, with the address, 404 S. Center St., Corry, Pennsylvania. The account was created on July 9, 2001, accessed on August 13, 2003, but had since been deactivated.

The case was referred to Detective Jessica Lynn of the Erie County ICAC Task Force. Detective Lynn contacted the Corry Police Department to obtain information on the person who resided at 404 S. Center St., but was told that the house was currently vacant because of a fire in January 2004. She learned, however, that a George Eberle had once resided at this residence. She conducted a search of JNET, an internet based law enforcement only site that allows access to PennDot records and other information, and found a state identification card issued to a George L. Eberle, with a date of birth that matched the date of birth on the subscriber's Yahoo! account. Through the United States

Postal Inspector Service, she obtained the Eberles' current address where they had been receiving certified mail from the Office of Children and Youth ("OCY"). Detective Lynn contacted Mr. Eberle's OCY case worker, who informed her that there was a computer in Mr. Eberle's living room, and that he often talked about his use of the computer.

On August 20, 2004, OCY contacted Detective Lynn to inform her that House of Television Rental ("HTR") in Corry had confiscated the computer because Mr. Eberle failed to pay the rental fee. She was also informed that Mr. Eberle had rented the computer starting on January 21, 2004. Detective Lynn contacted HTR and asked it to recover the computer from the current renter and hold it until she obtained a search warrant. In September 2004, Detective Lynn prepared an affidavit of probable cause to obtain a search warrant for all computer equipment and computer related documentation and manuals located at HTR. The affidavit explained that child pornographers could save and keep their pornographic images for long periods of time by storing them on devices such as the computer's hard disk drive, portable storage disks, CD ROMS, or other computer media, and that those with personal computers tend to retain their files and data when they replace or upgrade their computers. The affidavit also described the process of recovering deleted files from a computer using forensic techniques. When Detective Lynn obtained the search warrant, she ran a forensic exam on the computer, but was unable to find any images of child pornography or any other evidence indicating that the Eberles had used the computer. The investigation was subsequently closed.

On March 23, 2005, the Corry Police Department contacted Detective Lynn to

inform her that it had received a report that T.S., Mrs. Eberle's half-sister, claimed that she had been sexually assaulted by the Eberles in August and September of 2001, when T.S. was twelve-years old. T.S. claimed that, while she was staying at the Eberles' residence, Mr. Eberle frequently touched her inappropriately, and that one morning, Mrs. Eberle called T.S. into the Eberles' bedroom and, using a web cam, took photographs of T.S. in various states of undress, including completely undressed. She claimed that Mr. Eberle raped her while Mrs. Eberle videotaped the assault. T.S. also claimed that Mrs. Eberle sexually assaulted her, and told her when she left that if she told anybody what happened, she would be in trouble. T.S. claimed that in January 2005, she had been contacted by Mrs. Eberle in a Yahoo! chat room, which brought back memories of the assault. She told her mother what had happened and, to prove that she was telling the truth, initiated a three-way telephone conversation with Mrs. Eberle. Mrs. Eberle did not know that T.S.'s mother was listening. T.S. asked Mrs. Eberle if she remembered what had happened, and told her that she was planning to come over the following weekend and was interested in making another video. Mrs. Eberle responded that she remembered the incident and that she was looking forward to making a new tape, because the previous tape had been destroyed. In her interview, T.S. was asked whether she wore any jewelry during the earlier taping and she answered that she wore a ring and a necklace, which matched the jewelry in the photographs recovered from the Yahoo! website. The officers showed her the photographs and asked her if she could identify the person in them. T.S. began to cry and positively identified herself.

On March 28, 2005, Detective Lynn obtained a search warrant for the Eberles' residence, including all digital records such as images, pictures, photographs, computer hardware, storage, accessories, all documentation or manuals for software, documents with potential passwords, magazines, books, drawings, pictures, photos, Polaroids, and any written documentation pertaining to, or depicting, nude children or children posing sexually. The affidavit included the same explanation that was in the 2004 affidavit regarding the use of media devices to save files and images and the ability to recover deleted files. It also explained that those who have demonstrated an interest in sexual activity with children, or in sexually explicit images depicting children, are likely to retain images of children engaging in sexual activity. A forensic search of the computer seized from the residence revealed approximately 66 images of child pornography.

On June 13, 2006, the Eberles were charged in a superseding indictment with knowingly possessing visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).[1] They filed an Omnibus Pretrial Motion, which

---

[1] The original indictment also charged the Eberles with conspiracy in violation of 18 U.S.C. § 371, using a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct in violation of 18 U.S.C. § 2251(a), and knowingly receiving visual depictions of minors engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). The first two counts were dismissed because T.S. said that she was not the girl in the images that formed the basis of those counts. The third count was dismissed when the original indictment was dismissed. In the superseding indictment, the only charge against Mrs. Eberle was the one at issue in this appeal. The Eberles were also charged in Erie County Court with a series of state offenses, eventually leading to a guilty plea by Mr. Eberle to corruption of a minor and a plea of nolo contendere by Mrs. Eberle to the same offense. On June 30, 2006, Mrs. Eberle was sentenced to a term of imprisonment of 9 to 18 months for these state offenses.

5

included a motion to suppress evidence that was found on the computer. The motion was denied. On August 11, 2006, Mrs. Eberle entered a conditional guilty plea to knowingly possessing visual depictions of minors engaging in sexually explicit conduct, reserving the right to appeal the denial of the motion to suppress. On November 15, 2006, she was sentenced to thirty months imprisonment, to be followed by five years of supervised release. She now appeals.

## II.

The District Court exercised subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's denial of a motion to suppress for clear error as to the factual findings, but exercise plenary review of the Court's application of the law to those facts. United States v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir. 2006).

## III.

Mrs. Eberle (hereinafter "appellant") argues that images recovered from her computer should have been suppressed, because (i) Detective Lynn omitted any reference in the warrant affidavit to the 2004 search warrant and her failure at that time to find images on the computer, (ii) the District Court erred as a matter of law by concluding that Detective Lynn had a good faith belief that the computer searched in 2004 did not belong to the Eberles and that she did not knowingly or recklessly omit the 2004 search from the affidavit, (iii) if the omitted information had been included in the affidavit, the affidavit would not have established probable cause, and (iv) the information used to establish

6

probable cause was stale as it was over three-and-a-half years old.

In Franks v. Delaware, 438 U.S. 154, 155-56 (1978), the Supreme Court held that where a defendant showed by a preponderance of the evidence that a false statement necessary for the finding of probable cause was made "knowingly and intentionally, or with reckless disregard for the truth," evidence obtained as a result of the warrant must be excluded. Interpreting Franks, we have held that, to succeed in a challenge to a warrant affidavit such as the challenge made here, the defendant must show, by a preponderance of the evidence, that the affiant "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant," and that "such statements and omissions are material, or necessary, to the finding of probable cause." Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000) (citing Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 2007)).

In Wilson, an officer omitted a witness' description of the defendant's height that was significantly different from the height indicated in the warrant affidavit. Id. at 785. The officer also omitted the fact that one witness failed to identify the defendant out of a photo lineup, only stating that another witness had "unequivocally" done so. Id. We held that omissions are made with reckless disregard for the truth "when an officer recklessly omits facts that any reasonable person would know that a judge would want to know." Id. at 783. The inconsistent statements regarding the height of the defendant, and the fact that a witness had not picked him out of an array, we concluded, "'were the kinds of things the judge would wish to know.'" Id. at 788. In United States v. Calisto, 838 F.2d

7

711 (3d Cir. 1988), a state trooper omitted facts from the affidavit to conceal the identities of three law enforcement officers and an informant. We affirmed the district court's denial of a suppression motion, and noted that the trooper had filed the affidavit in good faith, that any intent to mislead the magistrate "was occasioned not by a scheme to deceive the magistrate about a material fact, but by a desire to withhold a fact not material to the magistrate's task," and that this information was an unimportant fact in the context of probable cause. Id. at 714-15.

Here, the evidence supports the District Court's conclusion that Detective Lynn did not willfully or recklessly omit the challenged information. Detective Lynn testified that she omitted information about the prior warrant and search of the computer because she believed that the computer she had searched did not belong to the Eberles.[2] She explained that when she ran a search for their names, she did not find any images or any information leading her to believe that the Eberles had ever used the computer, and that, because they had changed computers since 2001, they may have retained downloaded images on storage devices other than the computer's hard drive. Based upon Detective Lynn's testimony, the District Court concluded that she held a good faith belief that the computer did not belong to the Eberles, "given the computer's apparent lack of connection" to them. Given this good faith belief, it does not follow that a reasonable person would know in March of 2005 that a search of a different computer more than six months earlier would be something a judge would want to know.

---

[2] The District Court concluded, nevertheless, that the computer had belonged to them.

In any event, the information omitted was not material. To determine whether an omission is material, "we excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' affidavit would establish probable cause." Wilson, 212 F.3d at 789 (citing Sherwood, 113 F.3d at 400). In United States v. Frost, 999 F.2d 737, 742-43 (3d Cir. 1993), a detective omitted from the warrant affidavit the fact that, two hours before the warrant to search the suitcase was issued, a drug sniffing dog failed to alert to the presence of drugs in the suitcase. The detective testified that he omitted the information because drug couriers often mask the scent of drugs by packing them with material, such as pepper, and viewed this information as a neutral factor in the context of a probable cause determination. Id. at 743. He also testified that, if he had included the omitted information in the affidavit, he would have explained the scent-masking techniques used by drug couriers. Id. The affidavit included a substantial amount of other incriminating evidence, however, and we concluded that probable cause would have existed because the inclusion of the omitted information, as well as the detective's explanation of the scent-masking technique, would not have been inconsistent with the "substantial probative thrust" of the other information included in the affidavit. Id. at 744.

Here, Detective Lynn testified that, if she had included the information about the 2004 search in the affidavit, she would also have explained that the computer had been reformatted and re-rented, and that she had not found any evidence that the Eberles ever owned or used the computer. As the District Court concluded, even if the information

9

omitted had been included in the affidavit, the "plethora" of other factual allegations in the affidavit established probable cause; indeed, there was a substantial amount of incriminating evidence in the affidavit. Detective Lynn asserted that photographs depicting an underage girl were uploaded from Mr. Eberle's email account to a free Yahoo! web page in 2001, that T.S. identified herself as the girl depicted in the photographs and told police that the photographs had been taken in the Eberles' residence and uploaded to their computer, that T.S. claimed that Mr. Eberle raped her and that appellant sexually molested her, and that, immediately prior to the issuance of the search warrant, in a telephone conversation that was overheard by T.S.'s mother, appellant had expressed an interest in making a new sex video because the old one had been destroyed.

Appellant argues that, if the affidavit included the fact that the computer searched in 2004 contained no images, the chain connecting the Eberles' current computer to the images uploaded to the internet from the Eberles' computer in 2001 would be broken. In her affidavit, however, Detective Lynn not only requested a search of the computer, but also requested a search of other potential storage devices on which the Eberles could have stored images for long periods of time. She explained that persons with computers routinely save the files on other devices when they change computers. We agree with the District Court's conclusion that because the Eberles could have saved their images on other devices, perhaps because they considered it too dangerous to upload the images onto a rental computer, the chain of evidence was not broken.

Generally, when information is too old, the information is stale and cannot

establish probable cause. United States v. Harvey, 2 F.3d 1318, 1322 (3d Cir. 1993). Age alone, however, does not determine whether information is stale, and courts must examine the nature of the crime and the type of evidence.[3] Id. Appellant argues that the evidence presented to establish that the computer would contain child pornography was stale because the computer images uploaded from Mr. Eberle's Yahoo! account in 2001 were more than three years old. We disagree. Noting Detective Lynn's explanation and the holdings of other courts, the District Court reasoned that, even though a different computer was used to upload child pornography onto the internet three-and-a-half years earlier, the information was not stale because individuals protect and retain child pornography for long periods of time as child pornography is illegal and difficult to obtain. United States v. Zimmerman, 277 F.3d 426, 434 (3d Cir. 2002). The Court added that evidence of the phone call between T.S. and appellant indicated the Eberles' continuing interest in child pornography, and supported a belief that they still possessed child pornography in their residence.

In sum, we find that the District Court did not err in denying the motion to suppress.

---

[3] Appellant argues that, because Detective Lynn did not state in the warrant that she was an expert in child pornography, the Magistrate Judge should not have considered her assertions that child pornographers save their material for long periods of time. Appellant did not make this argument to the District Court and the Court did not consider this issue. Nevertheless, even if the Magistrate Judge was not permitted to rely on Detective Lynn's statement, appellant's telephone conversation with T.S. immediately prior to the issuance of the search warrant demonstrated a continued interest in making child pornography.

11

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.